

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  
*Newark, New Jersey 07102*     973-645-2700

IE/PL AGR

December 4, 2024

Roy B. Greenman, Esq.
Budin, Greenman & Greenman, Esqs.
1379 Morris Avenue
Union, NJ 07083

    Re: <u>Plea Agreement with Rahmir Gleaton</u>

Dear Counsel:

  This letter sets forth the plea agreement between your client, Christian Gleaton ("Gleaton" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on January 6, 2025, if it is not accepted in writing by that date. If Gleaton does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Gleaton to a one-count Information, which charges Gleaton with firearms trafficking, in violation of 18 U.S.C. § 933(a)(1).

  If Gleaton enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Gleaton for, from in or around December 2023 through in or around March 2024, unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms, or conspiring with others to do the same.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Gleaton even if the applicable statute of limitations period for those charges expires after Gleaton signs this agreement, and Gleaton agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 18 U.S.C. §§ 933(a)(1) to which Gleaton agrees to plead guilty in the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gleaton is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gleaton ultimately will receive.

Further, in addition to imposing any other penalty on Gleaton, the sentencing judge as part of the sentence:

(1) will order Gleaton to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461; and

(3) pursuant to 18 U.S.C. § 3583, may require Gleaton to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Gleaton be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gleaton may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

As part of his acceptance of responsibility, Gleaton agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any

firearms and ammunition involved in the commission of the offense charged in the Information. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461: (1) a Keltec P11 9mm pistol bearing serial number AGY55 loaded with 14 rounds of ammunition; (2) a Taurus model G2C 9mm pistol bearing serial TMT31937 loaded with twelve rounds of ammunition; (3) a Hi-Point model C9 9mm firearm bearing serial number P1966900 loaded with five rounds of 9mm ammunition; (4) a SCCY CPX-1 9mm pistol bearing serial number 764183; (5) a Kel-tec Sub-2000 9mm rifle bearing serial number FFKZ82; (6) a Hi-Point model C-9 9mm firearm with an obliterated serial number loaded with six rounds of ammunition; (7) a Rossi .38 Special revolver bearing serial number D343698 loaded with five rounds of ammunition; and (8) a Taurus .38 Special revolver bearing serial number EI84956 loaded with five rounds of ammunition, (the "Forfeitable Property"), which Gleaton acknowledges were involved in the commission of a knowing violation of 18 U.S.C. § 933(a)(1).

Gleaton waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Gleaton understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Gleaton's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Gleaton waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Gleaton also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. Gleaton agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent Gleaton has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. Gleaton further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Gleaton further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Gleaton by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gleaton's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Gleaton will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Gleaton waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Gleaton understands that, if Gleaton is not a citizen of the United States, Gleaton's guilty plea to the charged offense will likely result in Gleaton being subject to immigration proceedings and removed from the United States by making Gleaton deportable, excludable, or inadmissible, or ending Gleaton's naturalization. Gleaton understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gleaton wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Gleaton's removal from the United States. Gleaton understands that Gleaton is bound by this guilty plea regardless of any immigration consequences. Accordingly, Gleaton waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Gleaton also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gleaton. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Gleaton from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Gleaton and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*/s/ Christopher Fell*
By: Christopher Fell
Assistant U.S. Attorney

APPROVED:

*[signature]*

SAMANTHA C. FASANELLO
Chief, Narcotics/OCDETF Unit

- 6 -

I have received this letter from my attorney, Roy B. Greenman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date:  2/27/25
Rahmir Gleaton


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date:  2/27/25
Roy B. Greenman, Esq.
Counsel for Defendant

- 7 -

Plea Agreement with Rahmir Gleaton

Schedule A

1. This Office and Rahmir Gleaton recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 14. *See* U.S.S.G. § 2K2.1(a)(6).

4. Because one of the firearms involved in the offense had an obliterated serial number, there is an increase of 4 levels. *See* U.S.S.G. § 2K2.1(b)(4).

5. As of the date of this letter, Gleaton has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense/offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Gleaton's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Gleaton has assisted authorities in the investigation or prosecution of his/her own misconduct by timely notifying authorities of his/her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Gleaton's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Gleaton enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Gleaton's acceptance of responsibility has continued through the date of sentencing and Gleaton therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Gleaton's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. Accordingly, the parties agree that the total offense level (the "Total Offense Level") applicable to Gleaton is 15.

8. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

But each party may seek a variance from that Guidelines range, which the other party may oppose.

9. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Gleaton will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 18 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).